**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**RODREGUS WATTS,**

    Petitioner,

v.

**MARTY ALLEN, Warden**,

    Respondent.

Civil Action No. 7:14-CV-202 (HL)

### ORDER

Before the Court is Petitioner's Motion for Reconsideration. (Doc. 26). Plaintiff asks the Court to reconsider its Order (Doc. 24) adopting the Recommendation of United States Magistrate Judge Thomas Q. Langstaff and granting Respondent's motion to dismiss Petitioner's application for writ of habeas corpus.

Local Rule 7.6 cautions, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D.Ga. L.R. 7.6. A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." Hicks v. Battle, 2007 WL 274660, at *1 (M.D.Ga. Sept. 18, 2007) (internal quotation and citation omitted). "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which

was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." Bryant v. Citigroup, Inc., 2012 WL 3260443, at *1 (M.D. Ga. Aug. 8, 2012) (quoting Bingham v. Nelson, 2010 WL 339806, at *1 (M.D.Ga. Jan. 21, 2010).

Petitioner fails to meet the requisite standard for granting a motion for reconsideration. He has shown no intervening change in the law, has presented no new evidence, and has demonstrated no need to a correct clear error of law. His motion is, accordingly, denied.

**SO ORDERED** this 16th day of November, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks